UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No.  21cr10328 |
| v. | ) ) ) | Violations: |
| DQUINTZ ALEXANDER, | ) ) ) | Count One: Wire Fraud Conspiracy (18 U.S.C. § 1349) |
| Defendant | ) ) ) ) | Counts Two - Six: Wire Fraud (18 U.S.C. § 1343) |
| | ) ) ) | Count Seven: Aggravated Identity Theft (18 U.S.C. §§ 1028A(a)(1) and 2) |
| | ) ) ) ) ) | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant DQUINTZ ALEXANDER ("ALEXANDER") resided in Cranston, Rhode Island.

2. Norman Higgs ("Higgs"), a coconspirator not charged as a defendant in this Indictment, resided in Dudley, Massachusetts.

3. Higgs owned and operated N&E Communications LLC ("N&E"), a contract telecommunications company.

4. ALEXANDER both worked with Higgs at N&E and owned Excel Communications LLC, another contract telecommunications company.

5. Victim 1, ALEXANDER's former employee, resided in Arizona.

6. Victim 2 resided in Kansas.

7. Victim 3 resided in Massachusetts.

8. Victim 4 resided in Michigan.

9. Victim 5 resided in Ohio.

10. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") created a new temporary federal unemployment insurance program called Pandemic Unemployment Assistance ("PUA").

11. The Massachusetts Department of Unemployment Assistance ("MA DUA") administered and managed the PUA program in Massachusetts.

12. Eligible Massachusetts residents could apply for PUA benefits through an online portal by providing personally identifiable information ("PII"), including their first and last name, Social Security number ("SSN"), date of birth, residential and mailing addresses, and bank account information.

Overview of the Conspiracy and the Scheme to Defraud

13. From in or about April 2020 to in or about June 2020, ALEXANDER, Higgs, and others known and unknown to the Grand Jury engaged in a scheme and artifice to defraud and to obtain money and property from MA DUA by means of false and fraudulent pretenses, representations, and promises, by submitting PUA claims using others' PII without lawful authority.

### Object and Purpose of the Conspiracy and the Scheme to Defraud

14. The object of the conspiracy and the scheme to defraud was to profit by submitting fraudulent PUA claims to MA DUA using others' PII. The principal purpose of the conspiracy and the scheme to defraud was to make money.

### Manner and Means of the Conspiracy and the Scheme to Defraud

15. Among the manner and means by which ALEXANDER, Higgs, and others known and unknown to the Grand Jury carried out the conspiracy and the scheme to defraud were the following:

   a. ALEXANDER and Higgs opened bank accounts at Fidelity Bank, Digital Federal Credit Union, and Bank of America.

   b. Higgs provided his bank account information to ALEXANDER.

   c. ALEXANDER and others known and unknown to the Grand Jury submitted fraudulent PUA claims to MA DUA using others' names and other PII without lawful authority, directing funds received from those claims to bank accounts that ALEXANDER and Higgs controlled.

   d. ALEXANDER and Higgs received over $450,000 in PUA funds from MA DUA. These funds related to more than 85 fraudulent PUA claims submitted by ALEXANDER and others known and unknown to the Grand Jury using the names and PII of individuals other than ALEXANDER and Higgs.

   e. Higgs transferred a portion of the PUA funds he received from the fraudulent claims to ALEXANDER, and Higgs kept a portion of the PUA funds as payment for allowing ALEXANDER to use Higgs's bank accounts.

  f. ALEXANDER and Higgs used the PUA funds for their personal benefit, including to pay off credit card debt and to fund digital currency and online retail brokerage accounts.

  g. To conceal their fraudulent activities from authorities, ALEXANDER and Higgs used Virtual Private Network ("VPN") services, overseas email accounts, and phone numbers from Voice over Internet Protocol ("VoIP") services.

<u>Acts in Furtherance of the Conspiracy and the Scheme to Defraud</u>

  16. From in or about April 2020 to in or about June 2020, ALEXANDER, Higgs, and others known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

  a. On or about April 27, 2020, ALEXANDER created a Gmail account using without lawful authority the name of ALEXANDER's former employee, Victim 1, for the purpose of submitting a fraudulent PUA claim using Victim 1's name and PII.

  b. On or about April 27, 2020, ALEXANDER caused to be submitted a PUA claim using the name and PII of Victim 1. The claim used the Gmail account that ALEXANDER created in Victim 1's name and directed funds from the claim to a Fidelity Bank account in Higgs's name.

  c. On or about April 28, 2020, ALEXANDER created a Hotmail email account using a portion of Victim 2's name without lawful authority for the purpose of submitting a fraudulent PUA claim using Victim 2's name and PII.

  d. On or about April 28, 2020, ALEXANDER caused to be submitted a fraudulent PUA claim using the name and PII of Victim 2. The claim used the Hotmail account

4

that ALEXANDER created in Victim 2's name and directed funds from the claim to a Fidelity Bank account in ALEXANDER's name.

   e. On or about April 29, 2020, ALEXANDER created a Hotmail email account using Victim 3's name without lawful authority for the purpose of submitting a fraudulent PUA claim using Victim 3's name and PII.

   f. On or about April 29, 2020, ALEXANDER caused to be submitted a fraudulent PUA claim using the name and PII of Victim 3. The claim used the Hotmail account that ALEXANDER created in Victim 3's name and directed funds from the claim to a Fidelity Bank account in Higgs's name.

   g. On or about April 29, 2020, ALEXANDER created a Hotmail email account using Victim 4's name without lawful authority for the purpose of submitting a fraudulent PUA claim using Victim 4's name and PII.

   h. On or about April 29, 2020, ALEXANDER caused to be submitted a fraudulent PUA claim using the name and PII of Victim 4. The claim used the Hotmail account that ALEXANDER created in Victim 4's name and directed funds from the claim to a Fidelity Bank account in Higgs's name.

   i. On or about April 30, 2020, ALEXANDER created a ProtonMail email account using Victim 5's name without lawful authority for the purpose of submitting a fraudulent PUA claim using Victim 5's name and PII.

   j. On or about April 30, 2020, ALEXANDER caused to be submitted a fraudulent PUA claim using the name and PII of Victim 5. The claim used the ProtonMail

account that ALEXANDER created in Victim 5's name and directed funds from the claim to a Fidelity Bank account in ALEXANDER's name.

   k. On or about May 4, 2020, ALEXANDER transferred more than $35,000 in PUA funds from his Fidelity Bank accounts to his personal bank account at Digital Federal Credit Union.

   l. On or about May 5, 2020, Higgs used approximately $8,900 in PUA funds to pay off ALEXANDER's auto loan at Home Loan Investment Bank.

   m. On or about May 5, 2020, ALEXANDER, from his home in Rhode Island, logged into the Gmail account that ALEXANDER used to submit a fraudulent PUA claim using Victim 1's name and PII.

   n. On or about May 7, 2020, Higgs transferred approximately $4,000 in PUA funds from his bank account at Webster Bank to Higgs's M1 Finance online retail brokerage account.

   o. On or about May 15, 2020, Higgs transferred approximately $27,000 in PUA funds by check from his Bank of America account to a Citizens Bank account controlled by ALEXANDER.

## COUNT ONE
## Wire Fraud Conspiracy
## (18 U.S.C. § 1349)

The Grand Jury charges:

17. The United States re-alleges and incorporates by reference paragraphs 1 to 16(o) of this Indictment.

18. Between in or about April 2020 and in or about June 2020, in the District of Massachusetts, and elsewhere, the defendant,

## DQUINTZ ALEXANDER,

conspired with Norman Higgs and others known and unknown to the Grand Jury to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, to wit, submitting online PUA applications using others' names and other PII to MA DUA without lawful authority, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SIX
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury charges:

19. The United States re-alleges and incorporates by reference paragraphs 1 to 16(o) of this Indictment.

20. Between in or about April 2020 and in or about June 2020, in the District of Massachusetts, and elsewhere, the defendant,

## DQUINTZ ALEXANDER,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
| --- | --- | --- |
| 2 | April 27, 2020 | Online PUA application from outside Colorado in the name and PII of Victim 1 to a server in Colorado. |
| 3 | April 28, 2020 | Online PUA application from outside Colorado in the name and PII of Victim 2 to a server in Colorado. |
| 4 | April 29, 2020 | Online PUA application from outside Colorado in the name and PII of Victim 3 to a server in Colorado. |
| 5 | April 29, 2020 | Online PUA application from outside Colorado in the name and PII of Victim 4 to a server in Colorado. |
| 6 | April 30, 2020 | Online PUA application from outside Colorado in the name and PII of Victim 5 to a server in Colorado. |

All in violation of Title 18, United State Code, Sections 1343.

## COUNT SEVEN
## Aggravated Identity Theft; Aiding and Abetting
### (18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

21. The United States re-alleges and incorporates by reference paragraphs 1 to 16(o) of this Indictment.

22. On or about April 27, 2020, in the District of Massachusetts and elsewhere, the defendant,

## DQUINTZ ALEXANDER,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and Social Security number of Victim 1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud, in violation of 18 U.S.C. § 1343 as charged in Count 2 of this Indictment, and did aid and abet in the same.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

23.     Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1343 and 1349, set forth in Counts One through Six, the defendant,

## DQUINTZ ALEXANDER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

24.     If any of the property described in Paragraph 23, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 23 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER J. MARKHAM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November __2__, 2021
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK